## LAMPKIN v. HAYDEN.

LEWIS, J. An extraordinary motion for a new trial was made by the defendant on the ground of the following newly discovered evidence, to wit: that a certain marriage contract, which was essential to plaintiff's recovery, was executed and delivered on Sunday. Under the ruling of this court in the case of *Hayden* v. *Mitchell*, decided this day (ante 431), such a contract was not void because of its execution and delivery on Sunday. The newly discovered evidence, therefore, being immaterial, there was no error in the judgment of the court overruling the motion.

*Judgment affirmed. All the Justices concurring.*

Argued December 11, 1897. — Decided March 1, 1898.

Motion for new trial. Before Judge Lumpkin. Fulton superior court. July 30, 1897.

*W. R. Hammond* and *W. J. Speairs*, for plaintiff in error.
*Dorsey, Brewster & Howell*, contra.

---

## WILLIAMS v. GEORGIA RAILROAD AND BANKING COMPANY.

LITTLE, J. 1. The superior court has a discretion in passing upon the sufficiency of evidence relied upon to support a verdict rendered in an inferior judicatory, and brought up for review upon certiorari. That discretion was not in the present case abused, the evidence on the trial in the city court being decidedly conflicting, and the superior court "upon a careful consideration of the record [being] satisfied that the ends of justice required a new trial."

2. This court will not reverse a judgment in a certiorari case, remanding the same for a new trial, merely because in so doing the superior court did not return the case to the court from which it came "with instructions." Especially is this so, when the excepting party does not specify what the desired "instructions" should have been.

*Judgment affirmed. All concurring, except Fish, J., disqualified.*

Argued December 16, 1897. — Decided March 1, 1898.

Action for damages — certiorari. Before Judge Candler. DeKalb superior court. February term, 1897.

*Henry M. Patty*, for plaintiff.
*Joseph B. & Bryan Cumming* and *Candler & Thomson*, for defendant.